```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-20101-CIV-GOLD
                                    MAGISTRATE JUDGE P.A. WHITE
DOUGLAS MARSHALL,         :
aka Douglas Jackson,

        Plaintiff,        :

v.                        :              REPORT OF
                                     MAGISTRATE JUDGE
FLORIDA DEPT OF                          (DE#42)
CORRECTIONS, et al,       :

        Defendants.       :
_____
```

## I. Introduction

In this <u>pro se</u> civil rights action brought pursuant to 42 U.S.C. §1983, plaintiff Douglas Marshall alleges denial of Kosher food at Everglades Correctional Institution.

This Cause is before the Court upon a Motion to Dismiss filed by Defendants Willis, Perkins, Lam and Jurado. (DE#42) They argue that the complaint is subject to dismissal on the following grounds: 1) there is a least restrictive means of furthering the compelling governmental interests of keeping costs down and providing security, 2) the complaint fails to state a claim pursuant to Rule 8, 3) the plaintiff has failed to state a cause of action, 4) the action is barred by the Eleventh Amendment and 5) the defendants are entitled to qualified immunity. The plaintiff has filed a response, and notice of supplemental authority. (DE#49, 51 &52)

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See <u>Fed.R.Civ.P.</u> 12(b)(6). The complaint may be dismissed

if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

The plaintiff alleges that defendants Warden Willis, Alfonzo Perkins, Assistant Program Warden, Alex Lam, Chaplain Supervisor and Dora Jurado, Food Service Director are all directly responsible for failing to provide the plaintiff, an Orthodox Jew, with a Kosher diet. The plaintiff seeks injunctive relief and monetary damages.

<u>Discussion</u>

In order to establish a prima facie case under RLUIPA,[1] the plaintiff must demonstrate 1) that he engaged in a religious exercise, and 2) that the religious exercise was substantially burdened. Smith v Allen, 502 F.3d 1255, 1276 (11 Cir. 2007). The burden then shifts to the government to demonstrate that the challenged governmental action is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. Smith, supra. Due deference should be given to the experience and expertise of prison and jail administrators. Id.

To state a cause of action of violation of First amendment Rights, it must be determined whether the plaintiff is sincere in his religious beliefs, and whether the regulation impinging on the free exercise of his religion is reasonably related to legitimate penological interests. Turner v Safely, 482 U.S. 78 (1987), O'Lone v Estate of Shabazz, 482 U.S. 342 (1987).

The defendants' initial argument (1) is that the current policy of providing vegan and vegetarian meals, instead of kosher meals, is the least restrictive means of furthering the compelling governmental interests of keeping costs down and preventing security risks. The state cites to Linehan v Crosby, 346 Fed. Appx. 471 (11 Cir. 2009) to support this contention. That case was decided upon summary judgment, following submitted affidavits by the defendants to determine this issue. Also in accord is Young v McNeil, 2009 WL 2058923 (ND Fla 2009), in which the Court found that prison officials demonstrated a valid rational connection between legitimate concerns and budgetary constraints. The defendants in that case, also at the summary judgment level,

---

[1] Religious Land Use and Institutionalized Persons Act

demonstrated that the Jewish inmates had viable alternatives open to them.

In contrast to these holdings is the settlement agreement entered into in this Court in case no. 02-22760-Civ-Moore, in which it was determined that the DOC would provide the plaintiff with Kosher food. Although that case was settled seven years before the Linehan and Young cases, and appears limited to the sole plaintiff in the lawsuit, it is unclear whether the policy of providing a vegan diet is sufficient at this preliminary stage. It appears this issue must be determined at the summary judgment stage.

In the defendants' arguments (2) and (3)of their motion to dismiss, the defendants argue that the plaintiff has failed to file a complaint that meets the Rule 8(a) standard and fails to state a claim pursuant to Twombly, supra. This argument is not persuasive. The plaintiff is a pro-se plaintiff and has simply stated that he is being denied Kosher food, in contradiction to his religious tenants, and the defendants are the people who are responsible for determining the diet.

The defendants include in this argument the plaintiff's failure to demonstrative exhaustion, pursuant to 42 U.S.C. §1997e(a). The plaintiff affirms that he has exhausted, and refers to Log #09-6-170236 (reply pg 38).

This argument is without merit in any case. The Courts have made clear that 42 U.S.C. §1997e(a), as amended, which embodies the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 (the "PLRA"), now requires a prisoner to have exhausted those administrative processes which are available to him before bringing suit on a claim in federal court. Alexander v.

Hawk, 159 F.3d 1321, 1325-26 (11 Cir. 1998); Booth v. Churner, 532 U.S. 731, 736-41 (2001).

The Supreme Court has held that failure to exhaust is an affirmative defense, and a plaintiff is not required to plead and demonstrate exhaustion of remedies in his complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). It is apparent that any determination as to whether the operative complaint may be subject to dismissal under §1997e(a), will require further development of the record.

The defendants' fourth argument (4) that the action against the defendants in their official capacity is barred by the Eleventh Amendment is correct. Defendants sued in their official capacity is equivalent to a suit against the State of Florida. Adams v Wainwright, 512 F.Supp 948 (ND Fla 1981). Any claims against the defendants named in their official capacity should be dismissed, and the real parties in interest are the defendants in their individual capacity.

The defendants' last argument (5) is that the defendants are entitled to qualified immunity, because the complaint fails to allege any violation of a clearly established statutory right of which a reasonable person should have known. At this premature state in the proceedings, it is impossible to determine whether the plaintiff's statutory rights were violated, thereby not entitling the defendants to qualified immunity. This issue should be determined upon the filing of a summary judgment.

### III. Recommendation

It is therefore recommended that the defendants' Motion to Dismiss (DE#42) be denied, with the exception that any claims against the defendants in their official capacity be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Douglas Marshall, <u>Pro Se</u>
823916
Everglades CI
address of record

Kiernan Moylan, Esquire
Office of Attorney General
Ft Lauderdale, FL
Address of record