```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-20101-CIV-GOLD
                         MAGISTRATE JUDGE P. A. WHITE
DOUGLAS MARSHALL,        :

     Plaintiff,          :

v.                       :      REPORT ON MOTION FOR
                             TRO OR PRELIMINARY INJUNCTION
FLORIDA DEPT OF CORRECTIONS        (de#102 & 103)
et al.,                  :

     Defendants.         :
_____
```

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983. The plaintiff, who claims he is not subject to any rules of this Court, has ignored multiple Court Orders and continues to file his pleadings together with inmate Cedric Arnez.

This Cause is before the Court upon the following two motions filed by the plaintiff for temporary Restraining Order and Preliminary Injunction (DE#s 102 & 103).

This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See *California v. American Stores Company, et al.*, 492 U.S. 1301 (1989); *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to

the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

### Anaylsis

The plaintiff seeks a preliminary injunction claiming he is being denied kosher food, thereby prohibiting him from practicing his religion. (DE#102) This claim is the subject of his civil rights complaint, and this issue cannot be determined at this stage in the proceedings. The plaintiff seeks to purchase kosher foods from stores located in Miami, Florida, Brooklyn, New York, and St. Louis, Missouri.

The plaintiff has not demonstrated at this point that he stands a substantial likelihood that he will prevail on the merits, or that he will suffer irreparable injury if he does not take advantage of food offered at Everglades Correctional Institution for inmates who eat a Kosher diet.

The plaintiff does not state a _prima facie_ case for preliminary injunctive relief.  The plaintiff has not adequately shown any indication of _immediate_, _irreparable_ harm.

In his second motion for a Temporary Restraining Order the plaintiff is protesting the separation from his roommate Cedric Arnez. He alleges that he has endured multiple lock-ups and separations, amounting to torture. (DE#103)

Inmates do not get to choose their cell mates. The fact that the plaintiff and Arnez have been separated does not support the granting of a motion for preliminary injunction. Again, the

plaintiff has failed to demonstrate that he suffers from any immediate, irreparable harm, and this motion should be denied. (DE#103)

It is therefore recommended that the plaintiff's motions for a temporary restraining order/preliminary injunction (DE#102 & 103) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida this 3rd day of January, 2011.

UNITED STATES MAGISTRATE JUDGE

cc: Douglas Marshall, Pro Se
 #823916
 Everglades CI
 Address of Record

 Kiernan Moylan, AAG
 Office of Attorney General
 Ft. Lauderdale, FL